# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH RICHARDSON, | Civil Action No. 16-0129 |
| Plaintiff, | |
| | Magistrate Judge Lisa Pupo Lenihan |
| vs. | |
| Wilkinsburg Police Department, et al., | |
| | ECF No. 17 |
| Defendants | |

## OPINION

LENIHAN, M.J.

Currently pending before the Court in this civil rights action is the Motion to Dismiss (ECF No. 17) filed by Defendant, Magisterial District Judge Kim M. Hoots ("Defendant Hoots"). Plaintiff instituted this lawsuit on February 11, 2016, under 42 U.S.C. § 1983, against Defendants, Wilkinsburg Police Department, Officer Brandon Rourke, and M.D.J. Kim M. Hoots alleging a violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments.[1]  For the reasons set forth below, the Court will grant Defendant Hoots' motion to dismiss.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Keith Richardson ("Plaintiff") avers that Officer Brandon Rourke, of the Wilkinsburg Police Department, arrested him without probable cause on December 10, 2015. (Complaint, ECF No. 3, § IV (C).)  Plaintiff alleges that Officer Rourke admitted that he lacked probable cause to detain and charge Plaintiff with any crimes at the preliminary hearing on

---

[1] However, the pending motion to dismiss was filed only by Defendant Hoots.

December 17, 2015 before Defendant Hoots. (*Id.*) Despite Officer Rourke's admission, Plaintiff alleges that Defendant Hoots still detained him and waived the case to the Allegheny County Court of Common Pleas. (*Id.*) In addition, Plaintiff alleges that Defendant Hoots has denied him access to the recorded transcripts of his hearings. (*Id.*) Based on these allegations, Plaintiff requests that this Court "[o]rder [his] release from custody; order [] Magistrate Hoots to mail [his] transcripts; order payment of $2,400.00 per day of illegal incarceration to be paid by Brandon Rourke personally; [and] sanction Wilkinsburg Police Department and Magistrate Hoots." (Complaint, § VI).

In response to Plaintiff's Complaint, on April 26, 2016, Defendant Hoots filed a Motion to Dismiss Plaintiff's Complaint and a Brief in Support of the Motion to Dismiss. (ECF Nos. 17-18.) Plaintiff filed a response to the Motion to Dismiss on May 19, 2016 and attached two exhibits that contained testimony from Officer Rourke at the preliminary hearing. (ECF Nos. 26, 26-1- 26-2.)

## II. STANDARD OF REVIEW – MOTION TO DISMISS

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) may be treated as either a facial or a factual challenge to the court's subject matter jurisdiction. *Patsakis v. Greek Orthodox Archdiocese of America*, 339 F. Supp. 2d 689, 692 (W.D. Pa. 2004) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In the case at bar, Defendants appear to be making a facial challenge, as evidenced by their Brief in Support of the Motion to Dismiss, as well as the fact that they have not produced any affidavits or evidence to disprove any of Plaintiff's factual allegations regarding jurisdiction. In a facial attack, which is usually made before an answer is filed or the

factual allegations of the complaint are otherwise contested, the moving party is arguing that the claim, on its face, is insufficient to invoke the subject matter jurisdiction of the court. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). In other words, "a facial attack requires the district court to apply the same standard of review it would employ in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Id*. (citing *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)). A Rule 12(b)(1) motion is the proper vehicle for asserting Eleventh Amendment immunity because the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n. 2 (3d Cir. 1996).

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

The United States Court of Appeals for the Third Circuit has aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a plausible claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler* [*v. UPMC Shadyside*], 578 F.3d [203,] 213 [(3d Cir. 2009)] (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

### C. Pro Se Complaints

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, pleadings and, in particular, pro se complaints, are to be liberally construed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 322 (3d Cir. 2001); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (holding that, when a plaintiff files a complaint pro se, the pleadings must be liberally construed and the Court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name"). Indeed, a pro se complaint "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, there are limits to the court's procedural flexibility – "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

### III. ANALYSIS

#### A. <u>ELEVENTH AMENDMENT IMMUNITY</u>

Defendant Hoots argues that this Court lacks subject matter jurisdiction over the claims against her because Plaintiff's official capacity suit against her is actually a suit against the Allegheny County Magisterial District Court over which she presides, a state entity entitled to Eleventh Amendment Immunity. (ECF No. 18 at 7-8.)

In response, Plaintiff submits that Defendant Hoots is a person who is held to a high standard. (ECF No. 26 at 1.) Moreover, Plaintiff responds that there was no evidence that Plaintiff was involved in the alleged crimes issued by Defendant Hoots. (*Id*.) Plaintiff further

argues that the search warrant gave a specific description of the premises and persons to be searched, and although he was at the apartment, he did not live there, and was not part of, nor did he fit the description in the search warrant. (*Id* at 2.) For support, Plaintiff attaches excerpts from Officer Rourke's testimony at the preliminary hearing. (*See* Exs. A & B, ECF Nos. 26-1 & 26-2.) Plaintiff notes that at the preliminary hearing, defense counsel asked Officer Rourke if he seized any evidence from Plaintiff or his room, to which Officer Rourke responded no, he never heard of Plaintiff. (*Id*. at 3-4.) Finally, Plaintiff submits that Defendant Hoots was compliant in the violations of Plaintiff's constitutional rights by cleaning up after the other defendants, i.e., not allowing Officer Rourke to answer questions at the preliminary hearing which would have shown he falsified the affidavit of probable cause. (*Id*. at 4.)

As a preliminary matter, the Court observes that Plaintiff's response to the motion to dismiss contains new factual allegations not set forth in his Complaint, as well as excerpts from the transcript of the preliminary hearing. In deciding a motion to dismiss, the Court may only consider those factual assertions that are contained within the Complaint, exhibits attached to the Complaint, or matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indas Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)(citations omitted); *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1425 (3d Cir. 1997). Thus, the Court may not consider the new factual allegations in deciding the motion to dismiss. However, even if this Court permits Plaintiff to amend his complaint to include the factual assertions contained in his response, those allegations are insufficient to defeat Defendant Hoots' motion to dismiss.[2]

---

[2] It also appears that the transcript of Officer Rourke's testimony at the preliminary hearing has not been made public. A review of the criminal dockets in Plaintiff's cases in the magisterial district court and the court of common pleas does not show any transcripts available for public viewing. *See* The Unified Judicial System of Pa. Web Portal, https://ujsportal.pacourts.us/, last

"Suits against state officials in their official capacity [] should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Pursuant to Pennsylvania law, Pennsylvania state courts and their judges are part of the Commonwealth government. 42 PA. CONS. STAT. § 102. Under the Eleventh Amendment, suits against states in federal court are barred. U.S. CONST. amend. XI. In *Benn v. First Judicial District of Pennsylvania.*, 426 F.3d 233, 235 n. 1 & 240-41 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit ruled that the 60 judicial districts that compromise Pennsylvania's court system, which include the courts of common pleas, are state entities entitled to full Eleventh Amendment immunity. *See also Callahan v. City of Phila.*, 207 F.3d 668, 672 (3d Cir. 2000) ("All courts and agencies of the unified judicial system . . . are part of 'Commonwealth government' and thus are state rather than local agencies."). Magisterial District Courts are included in the unified judicial system. 42 PA. CONS. STAT. § 301(9). Accordingly, Plaintiff's claims against Defendant Hoots in her official capacity are in essence, claims against the Allegheny County Magisterial District Court, a state entity which has been determined to be entitled to full Eleventh Amendment immunity. *See Callahan*, 201 F.3d at 672.

Furthermore, Eleventh Amendment immunity applies unless the state expressly waives the immunity, 1 PA. CONS. STAT. § 2310, or Congress has overridden it, *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The United States Supreme Court has held that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Graham*, 473 U.S. at 169 n. 17 (citing *Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, 415 U.S. 651 (1974)). In addition, none of the factual allegations in

---

visited 8/2/16. However, even if the transcript was a public record, that would not change the outcome here.

Plaintiff's Complaint indicate or suggest that the Pennsylvania state courts and their judges consented to be sued by Plaintiff, a private party, in federal court.

Accordingly, as a Magisterial District Judge, Defendant Hoots may not be sued in her official capacity in a federal forum because she is protected by Eleventh Amendment immunity. Therefore, the Court will grant Defendant Hoots' motion to dismiss the official capacity claims against her.

### B.  ABSOLUTE JUDICIAL IMMUNITY

Next, Defendant Hoots, pursuant to Rule 12(b)(6), argues that the claims against her in her personal capacity should be dismissed because she is entitled to absolute judicial immunity. (ECF No. 18 at 12.)  In support, Defendant Hoots submits that her actions were judicial in nature and within her jurisdiction.  (ECF No. 18 at 13.)

In response, Plaintiff advances the same arguments as discussed above with regard to Hoots' Eleventh Amendment immunity argument.

The Court finds that Plaintiff's § 1983 claims against Defendant Hoots in her individual capacity are barred by the doctrine of absolute judicial immunity.  Under that doctrine, a judicial officer has absolute immunity from suit for action taken in his or her judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles*, 502 U.S. at 12).  Whether a judicial officer has acted in his or her judicial capacity in any particular case is a functional inquiry.  *See Forrester v. White*, 484 U.S. 219, 227 (1998) ("[I]mmunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches.")  Thus, a judge is not afforded judicial immunity for those actions the judge has taken in an administrative or executive capacity.  *See, id.* at 229-30 (holding that a state court judge's act of demoting a probation officer was done in his administrative capacity,

and thus, the judge was not immune from suit); *Supreme Court of Va. v. Consumers Union of the United States*, 446 U.S. 719, 737-38 (1980) (holding that "immunity does not shield the Virginia Court and its chief justice from suit" when the judge was acting as a prosecutor to enforce the Bar Code).

When a judge has acted in his or her judicial capacity, as opposed to an executive or administrative capacity, he or she is entitled to absolute judicial immunity from damage claims even when his or her action was erroneous, done maliciously, or exceeded his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). It is only when an action, while judicial in nature, was pursued in "complete absence of all jurisdiction" that a judge will not be entitled to absolute immunity. *Mireles*, 502 U.S. at 12 (citing *Stump*, 435 U.S. at 356-57); *Gallas v. Supreme Court of Pa*, 211 F.3d 760, 768 (3d Cir. 2000). This is an especially stringent standard, as it is generally held that, in light of the broad judicial immunity afforded to judges, "where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (citing *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). "[F]or purposes of judicial immunity, there should not be a distinction between judges of courts of limited and general jurisdiction." *Id.* at 441 (citations omitted).

Pursuant to Pennsylvania law, magisterial district judges are vested with jurisdiction over summary offenses (except those arising out of a delinquent act involving a juvenile), and "to preside at arraignments, fix and accept bail, except for offenses . . . []relating to murder [] and . . . []voluntary manslaughter[] . . . , and to issue warrants and perform duties of a similar nature, including the jurisdiction of a committing magistrate in all criminal proceedings. " 42 Pa. Cons. Stat. Ann. §1515(a)(1) & (4)(2011). *See also Spell v. Commw. of Pa. Mag. Dist. #05-2-11,* Civ.

A. No. 09-091, 2009 WL 1408007, *2 (W.D.Pa May 19, 2009) (citing *Martin v. Bicking*, 30 F. Supp. 2d 511, 512-13 (E.D.Pa. 1998)) ("Under Pennsylvania law, magisterial district judges are given jurisdiction over summary offenses and preliminary matters in other criminal proceedings.")

Here, Plaintiff alleges that Defendant Hoots ordered that he be detained and waived his case to court despite hearing testimony at his preliminary hearing from Officer Rourke, allegedly admitting he lacked probable cause to arrest and charge Plaintiff with any crimes. Clearly these acts were judicial in nature—presiding over preliminary hearings and ordering detention are normal acts performed by magisterial district judges. Moreover, these acts occurred in open court in a pending criminal case over which Defendant Hoots presided. Nor does the bare allegation that Defendant Hoots denied Plaintiff access to his recorded transcripts of hearings implicate a non-judicial function. The alleged denial was made in the pending criminal matter over which Defendant Hoots presided.[3] Moreover, these acts fall within the jurisdiction of magisterial district judges as defined by Pennsylvania law. *See* 42 Pa.Cons. Stat. Ann. §1515; *See Spell*, 2009 WL 1408007, at *2.

Even if Defendant Hoots' rulings were made maliciously, negligently, or contrary to law, the doctrine of absolute judicial immunity would still bar Plaintiff's lawsuit against Defendant Hoots. *See Spell*, 2009 WL 1408007, at *2 (citing *Hudson v. McKeesport Police Chief*, 244 Fed. App'x 519, 522 (3d Cir. 2007) (claims that a magistrate violated the plaintiff's rights while presiding over the criminal proceedings that resulted from his arrest all relate to the magistrate's performance of his judicial duties, therefore, the claims against him are barred by judicial immunity); *Martin*, 30 F. Supp. 2d at 513 ("dismissing civil rights action against magisterial

---

[3] In any event, the denial of his transcripts appears to be moot as Plaintiff has attached copies of the transcript from the preliminary hearing to his response to the motion to dismiss.

9

district judge as barred by doctrine of judicial immunity where the plaintiff alleged that the judge was aware that charges against him were procedurally deficient")). Consequently, Defendant Hoots was acting within her jurisdiction when she decided to detain Plaintiff, and therefore, is protected by absolute judicial immunity in her individual capacity.

### C. FEDERAL COURTS IMPROVEMENT ACT BARS PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF

In addition to compensatory damages, Plaintiff seeks injunctive relief consisting of an order directing his release from custody and for the immediate mailing of his transcripts.[4] (Complaint, § VI.) Defendant Hoots further argues she is entitled to Absolute Judicial Immunity for injunctive relief pursuant to the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996) (codified as amended at 42 U.S.C. § 1983 (2012)) ("FCIA"). (ECF No. 18 at 14.) Defendant Hoots submits that the FCIA extended absolute judicial immunity to claims seeking injunctive relief against judges. (ECF No. 18 at 14.)

Plaintiff has failed to respond to this argument.

The Court finds that Plaintiff's requests for injunctive relief against Defendant Hoots in her individual capacity are barred by the FCIA. In providing that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable," the FCIA extended the doctrine of absolute judicial immunity claims seeking injunctive relief against judges. 42 U.S.C. § 1983. The court of appeals has found that this statutory amendment applies to both state and federal judges. *See Azubuko*, 443 F.3d at 304 (citing *Bollin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)).

---

[4] Plaintiff's request for injunctive relief may well be moot as it appears that he is no longer in custody and he has attached excerpts from the hearing transcript as exhibits to his response.

Generally, in order to overcome the absolute judicial immunity afforded to judges by the FCIA, individuals seeking injunctive relief against a judicial officer in his or her judicial capacity must allege that a declaratory decree was violated, or that declaratory relief was unavailable. *See Azubuko*, 443 F.3d at 303-04 (citing 42 U.S.C. § 1983); *Van Tassel v. Lawrence Cty. Domestic Relations Section*, 659 F. Supp. 2d 672, 698 (W.D. Pa. 2009) (citations omitted). The court in *Van Tassel* found that a pro se plaintiff's complaint that failed to allege a violation of a declaratory relief or that declaratory relief was unavailable, did not sufficiently overcome the absolute judicial immunity afforded to judges by the FCIA and § 1983, and thus dismissed plaintiff's claims for injunctive relief. 659 F. Supp. 2d at 698. Similarly, in *Azubuko*, the court of appeals held that because plaintiff had not alleged that a declaratory decree was violated or that declaratory relief was unavailable, and because the injunctive relief sought by the plaintiff did not address the actions of the judge other than those actions within the judge's judicial capacity, plaintiff's claim for injunctive relief was barred. 443 F.3d at 304.

As noted above, Defendant Hoots, at all relevant times, acted in her judicial capacity and did not act in "complete absence of jurisdiction." *See supra* Part III.B. Here, as in *Van Tassel*, and *Azubuko*, Plaintiff has not alleged that he was denied declaratory relief or that it was unavailable. Thus, as in *Van Tassel*, and *Azubuko*, Plaintiff cannot circumvent the absolute judicial immunity afforded to Defendant Hoots against claims of injunctive relief under the FCIA and § 1983. Therefore, the Court will grant Defendant Hoots' motion to dismiss the claims for injunctive relief against her.

Accordingly, as Plaintiff's cause of action is barred when construed as either an official capacity lawsuit or a personal capacity lawsuit against Defendant Hoots, Plaintiff's § 1983 claims against Defendant Hoots will be dismissed with prejudice.[5]

IV. **CONCLUSION**

After a careful reading of the averments of the Complaint, it is clear that any further attempt by Plaintiff to amend any of his claims against Defendant Hoots would be futile as a matter of law.[6] For the reasons set forth above, the Court will grant the Motion to Dismiss (ECF No. 17) filed by Defendant Hoots with prejudice. An appropriate order will follow.

Dated: August 4, 2016

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

cc: Keith Richardson
7119 Idlewild Street
Pittsburgh, PA 15208
*Via First Class U.S. Mail*

All Counsel of Record
*Via CM/ECF Electronic Mail*

---

[5] Although Defendant Hoots raises other arguments in support of her motion to dismiss, the Court need not reach them as Eleventh Amendment immunity and absolute judicial immunity dispose of all the claims asserted against her.

[6] The United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a district court is dismissing a claim pursuant to Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).